UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| STEVE CAMILLO CIRRI, | : | CIVIL NO: 4:13-CV-0654 |
| --- | --- | --- |
| Plaintiff | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| TODD MUROSKI, *et al.*, | : | |
| Defendants | : | |

# REPORT AND RECOMMENDATION

## I. Introduction.

The plaintiff, Steve Camillo Cirri ("Cirri"), claims that the defendants violated his constitutional rights by stealing his bank card and money from his bank account. We have reviewed the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii), and we conclude that Cirri's claim fails to state a claim upon which relief may be granted against the two defendants. We recommend that Cirri's application for leave to proceed *in forma pauperis* (Doc. 7) be granted and that the complaint be dismissed.

## II. Factual Background and Procedural History.

Cirri, a prisoner in Georgia proceeding *pro se*, commenced this civil rights action by filing a complaint. He asserts that his claim is a claim under 42 U.S.C. §

1983. He also filed an application for leave to proceed *in forma pauperis*. Cirri names Todd Muroski ("Muroski") and Michelle Stuntz ("Stuntz"), unemployed, as defendants. The complaint suggests that Cirri knew the defendants, but he does not indicate what his relationship was to them.

Cirri alleges that, on November 5, 2010, the defendants went to his apartment to check on him. He alleges that he was very sick and needed food so he gave the defendants his bank card and pin code number. According to Cirri, he put the bank card back on his dresser on November 7, 2010. Cirri further alleges that, on November 7, 2010, he had to call an ambulance for breathing problems, and he returned home. On November 8, 2010, a van picked him up to take him to a rehabilitation center for physical therapy. Cirri contends that he forgot his bank card, therefore, on November 9, 2010, he called defendant Muroski and asked him to bring him his bank card. Cirri alleges that he called Muroski multiple times thereafter asking him to bring him his bank card, but Muroski gave Cirri multiple excuses for not bringing the card to him. On November 16, 2010, two U.S. Marshals and Cirri's probation officer informed him that he was being extradited to Georgia for a violation of probation. Cirri contacted other friends to help him get his bank card back, but he was unsuccessful. He was extradited back to Georgia on November 23, 2010. Cirri alleges that Muroski took money out of his account from 2010 through

2011. Cirri further alleges that he included defendant Stuntz in the complaint because she knew what Muroski was doing and did not stop him. As relief, Cirri is seeking the return of his money and all fees connected to the complaint.

**III. Discussion.**

    **A. Screening of *Pro Se* Complaints—Standard of Review.**

This Court will conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. Specifically, we will review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) which provides, in pertinent part:

> **(e)(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> **(B)** the action or appeal –
>     **(ii)** fails to state a claim upon which relief may be granted.

Under Section 1915(e)(2)(B)(ii), the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), continuing with our opinion in *Phillips [v. County of Allegheny,* 515 F.3d 224, 230 (3d Cir.2008)], and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir.2009).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler, supra*, 578 F.3d at 211. "A complaint has to "show" such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir.1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

In conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal, supra,* 556 U.S. at 679,

Thus, following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of

5

mere speculation.  In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Tp.,* 629 F.3d 121, 130 (3d Cir.2010)(quoting *Iqbal, supra,* 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).  Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

## B. Cirri's Claim Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted Under Section 1983.

Cirri's claim fails because Cirri may not bring such claims against private individuals as civil rights violations pursuant to 42 U.S.C. §1983.

Cirri's claim is brought under 42 U.S.C. §1983. "Section 1983 imposes civil liability upon any person, who acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* To establish a claim under § 1983, the plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). The requirement that a defendant act under color of state law is essential in order to establish a claim under § 1983. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Todd Muroski and Michelle Stuntz are not state employees, rather they are private citizens. "Action under color of state law 'requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Harvey v. Plains*

*Twp. Police Dept.*, 635 F.3d 606, 609 (3d Cir. 2011)(*quoting Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998)). The Supreme Court has established a number of approaches to the question of when a private person acts under color of state law. *Crissman v. Dover Downs Entertainment, Inc.*, 289 F.3d 231, 239 (3d Cir. 2002). The United States Court of Appeals for the Third Circuit has "outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) 'whether the private entity has exercises powers that are traditionally the exclusive prerogative of the state'; (2) 'whether the private party has acted with the help of or in concert with state officials'; and (3) whether 'the [s]tate has so far insinuated into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.'" *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009)(*quoting Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995)). "The inquiry is fact-specific," *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995), and "state action may be found if, though only if, there is such 'a close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Academy v. Tennessee Secondary School athletic Assoc.*, 531 U.S. 288, 295 (2001)(*quoting Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)).

Cirri claims that defendants, two private individuals, violated his constitutional rights by stealing his bank card and money from his bank account. The complaint is entirely void of any allegations that the defendants were state actors or acting in concert with state officials at the time the alleged thefts occurred; thus, Cirri's claim under 42 U.S.C. § 1983 fails.[1]

### C. The Complaint Should Be Dismissed With Prejudice.

Before dismissing a complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Because Cirri seeks to bring a 42 U.S.C. § 1983 claim against private individuals, amendment of the complaint would be futile. Thus, we recommend that the complaint be dismissed with prejudice.

## IV. Recommendation.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that Cirri's application to proceed *in forma pauperis* be granted. **IT IS FURTHER**

---

1. We note that although Cirri cannot bring a civil rights claim against the defendants in federal court, he may have a state-law claim against them.

**RECOMMENDED** that the complaint be dismissed with prejudice and that the case file be closed.

> The Parties are further placed on notice that pursuant to Local Rule 72.3: Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 14th day of May, 2013.

                                          S/*Susan E. Schwab*
                                          Susan E. Schwab
                                          United States Magistrate Judge